1

2

3

4

5                                    IN THE UNITED STATES DISTRICT COURT

6                                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    K.S., a minor, by and through her parents, P.S.          No. C 06-07218 SI
     and M.S.,

9                                                             **ORDER DENYING DEFENDANT'S
                            Plaintiff,                        MOTION TO DISMISS CLAIMS I AND II
10                                                            OF PLAINTIFF'S COMPLAINT, AND
       v.                                                     GRANTING DEFENDANT'S MOTION
11                                                            TO DISMISS CLAIM IV OF
     FREMONT UNIFIED SCHOOL DISTRICT,                         PLAINTIFF'S COMPLAINT**
12
                            Defendant.
13   _____/

14

15        On February 23, 2007, the Court heard argument on defendant's motion to dismiss Claims II,

16   III and IV of plaintiff's complaint. Having considered the parties' arguments, the Court DENIES

17   defendant's motion to dismiss Claims II and III, and GRANTS defendant's motion to dismiss Claim IV,

18   for the reasons set forth below.

19

20                                              **BACKGROUND**

21        Plaintiff K.S., a minor, by and through her parents, P.S. and M.S., filed this complaint against

22   defendant Fremont Unified School District on November 21, 2006.

23        Plaintiff is a child diagnosed with autism spectrum disorder who alleges that her ability to benefit

24   from her education has been impeded by defendant's refusal to provide plaintiff with a free and

25   appropriate public education ("FAPE") designed to meet her unique needs.  Compl. at 2-3.  Plaintiff

26   alleges that defendant denied plaintiff a FAPE for the 2002-03, 2003-04, 2004-05 and 2005-06 school

27   years.  *Id*. at 3.  Specifically, plaintiff alleges that the individualized education program ("IEP")

28

1  designed for plaintiff failed to include appropriate speech therapy, one-to-one support, and behavioral,

2  academic, self-help, auditory processing and motor control services. *Id.*

3        Plaintiff alleges four claims in her complaint: (I) plaintiff appeals from a decision in favor of

4  defendant by an administrative law judge at the Office of Administrative Hearings, issued August 24,

5  2006, (II) plaintiff alleges defendant violated Section 504 of The Rehabilitation Act, 29 U.S.C. § 794

6  ("Section 504"), (III) plaintiff alleges defendant violated Title II of The Americans with Disabilities Act,

7  42 U.S.C. §12132 ("ADA"), and (IV) plaintiff alleges defendant violated The Unruh Civil Rights Act,

8  Cal. Civ. Code § 51 ("Unruh Act").

9        Defendant moves to dismiss Claims II, III and IV of plaintiff's complaint pursuant to Federal

10  Rule of Civil Procedure 12(b)(6). Having considered the arguments and papers of the parties, the Court

11  GRANTS defendant's motion in part and DENIES defendant's motion in part.

12

13                              **LEGAL STANDARD**

14        Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it

15  fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss

16  is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer

17  evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other*

18  *grounds by Davis v. Scherer,* 468 U.S. 183, 104 S. Ct. 3012 (1984).

19        In answering this question, the Court must assume that the plaintiff's allegations are true and

20  must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d

21  556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is

22  remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See*

23  *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

24        If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The

25  Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request

26  to amend the pleading was made, unless it determines that the pleading could not possibly be cured by

27  the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal

28  quotation marks omitted).

United States District Court
For the Northern District of California

**DISCUSSION**

**I.      Claims II and III**

      **A.      Plaintiff's substantive claims under Section 504 and the ADA**

      Section 504 of The Rehabilitation Act states:  "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. 794(a).  Title II of the ADA, modeled after Section 504, states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  Because "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act," courts consider Section 504 and ADA claims jointly. *Zukle v. Regents of University of California*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) (internal citations omitted).

      "[P]laintiffs bringing § 504 claims in the special education context must show that the educational decisions relating to the student were so inappropriate as to constitute either bad faith or gross misjudgment." *Alex G. ex rel. Dr. Steven G. v. Bd. of Trustees of Davis Joint Unified Sch. Dist.*, 387 F. Supp. 2d 1119, 1124 (E.D. Cal. 2005); *see also Patricia N. v. Lemahieu*, 141 F. Supp. 2d. 1243, 1254-55 (D. Haw. 2001), *citing Sellers v. Sch. Bd. of City of Manassas*, 141 F.3d 524, 529 (4th Cir. 1998).  The failure to provide a FAPE is a necessary but not sufficient condition for making out Section 504 and ADA claims.  *See Alex G.*, 387 F. Supp. 2d at 1124, *citing Monahan v. Nebraska*, 687 F.2d 1164, 1170-71 (8th Cir.1982). In addition, a plaintiff seeking monetary damages must show that "defendants acted with deliberate indifference." *Id.*, *citing Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).  Deliberate indifference requires "knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Duvall*, 260 F.3d at 1139, *citing City of Canton v. Harris*, 489 U.S. 378, 389 (1988).  The public entity's failure to act must be a result of more than mere negligence; rather, it must involve a measure of deliberateness. *Duvall*, 260 F.3d at 1139.  The public entity "is required to undertake a fact-specific investigation to determine what constitutes a reasonable accommodation." *Id.*  Section 504 and the ADA "create a duty to gather

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   sufficient information from the [disabled individual] and qualified experts as needed to determine what

2   accommodations are necessary." *Id.*, citing *Wong v. Regents of University of California*, 192 F.3d 807,

3   818 (9th Cir. 1999). Therefore, an entity does not "act" by merely proffering just any accommodation,

4   especially when the accommodation is based on stereotypes of the person's disability. *Id.* Rather, it

5   must consider the individual's particular needs when investigating what accommodations are reasonable.

6   *Id.*; *see also* 28 C.F.R. § 35,160(b)(2) (establishing a regulatory mandate to "give primary consideration

7   to the requests of the individual with disabilities").

8       The Court finds that, construing the factual allegations in the light most favorable to plaintiff,

9   the complaint adequately alleges discrimination. *See Usher*, 828 F.2d at 561. Plaintiff's allegations go

10  beyond defendant's mere failure to provide a FAPE. *See Sellers*, 141 F.3d at 529. Plaintiff alleges that

11  "[d]espite numerous reports" conducted by both FUSD and privately paid providers between 2002-06

12  citing "delays and problems" in providing her with a FAPE, defendant continued to fail to provide a

13  FAPE. Compl. ¶ 11. Plaintiff also alleges that defendant "ignore[d] parent concerns and requests as

14  well as documentary evidence of Plaintiff's needs . . . ." *Id.* ¶ 14. Though it is a close question, when

15  viewed in the light most favorable to plaintiff, the complaint adequately alleges that defendant's

16  educational decisions were "so inappropriate as to constitute either bad faith or gross misjudgment,"

17  *Alex G.*, 387 F. Supp. 2d at 1124, and demonstrate "deliberate indifference," *Duvall*, 260 F.3d at 1138-

18  39.

19      Plaintiff's complaint therefore states claims of disability discrimination pursuant to Section 504

20  and the ADA sufficient to meet the liberal federal pleading requirements.

21

22      **B.    Timeliness of plaintiff's claims**

23      Defendant also argues that plaintiff's claims are not timely. Claims II, III and IV of plaintiff's

24  complaint, which was filed on November 21, 2006, state claims for the 2002-03, 2003-04, 2004-05 and

25  2005-06 school years. Compl. at 12-14.

26      Neither the ADA nor Section 504 contain their own limitations period. "Where federal statutes

27  do not contain their own limitations periods, federal courts apply the most appropriate or analogous state

28  statute of limitations." *Kramer v. Regents of University of California*, 81 F. Supp. 2d 972, 973 (N.D.

Cal. 1999), *citing Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987).  Defendant argues, and the Court agrees, that the Unruh Act, Cal. Civ. Code § 51, is the most analogous state statute, and therefore its limitations period applies to Section 504 and ADA claims.  *Kramer*, 81 F. Supp. 2d at 978 ("The ADA and the Unruh Act are not just closely analogous, they are virtually identical.").  However, the Unruh Act does not provide a statute of limitations, and California state and federal courts have applied different statutes of limitations to Unruh Act claims.

Some courts have held that the statute of limitations should draw from the two year statute of limitations applicable to personal injury actions in California.[1]  *See, e.g., Gatto v. County of Sonoma*, 98 Cal. App. 4th.744, 760 (Cal. Ct. App. 2002); *Mitchell v. Sung*, 816 F. Supp. 597, 602 (N.D. Cal. 1993).  Others have applied a three year statute of limitations to claims under the Unruh Act. *See, e.g., Kramer*, 81 F. Supp. 2d at 978; *see also Olympic Club v. Those Interested Underwriters at Lloyd's London*, 991 F.2d 497, 501 n. 11(9th Cir. 1993) (indicating in dicta that the three year statute of limitations of California Code of Civil Procedure § 338(a) should apply to claims under the Unruh Act).

Plaintiff contends that whether the Court applies a two or three year statute of limitations, all of her claims are timely-filed due to the continuing violations doctrine.  The Court agrees.  The continuing violations doctrine provides that "a plaintiff who shows that a [systematic and discriminatory]  policy and practice operated at least in part within the limitation period satisfies the filing requirements . . . even if some or all of the events evidencing its inception occurred prior to the limitations period." *Green v. Los Angeles County Superintendent of Schools*, 883 F.2d 1472, 1480 (9th Cir. 1989).  There are two methods by which plaintiff can establish continuing violations.  *Douglas v. California Dept. of Youth Authority*, 271 F.3d 812, 822 (9th Cir. 2001*), citing Gutowsky v. County of Placer*, 108 F.3d 256, 259 (9th Cir.1997).  "First, the plaintiff may show a serial violation by pointing to a series of related acts against one individual, of which at least one falls within the relevant period of limitations . . . Second, a plaintiff may show a systematic policy or practice of discrimination that operated, in part, within the limitations period-a systemic violation." *Id.* (internal citations omitted).

Here, plaintiff has alleged acts of discrimination during the 2005-06 school year, which fall

---

[1] In 2002, the California legislature amended the statute of limitations for personal injuries from one year to two years.  Cal. Civ. Pro § 335.1.

within the statutory time limit, whether it is two or three years.  Plaintiff's allegations of discrimination during the 2005-06 school year sufficiently relate to the alleged acts of discrimination that occurred previously.  All of the acts were part of defendant's alleged policy, pattern, and practice of failing to follow procedural and substantive requirements regarding the IEP process, resulting in a discriminatory impact on plaintiff.  *See Sosa v. Hiraoka,* 920 F.2d 1451, 1455 (9th Cir.1990) (holding that a plaintiff may introduce acts of discrimination by his employer that occurred outside of the statute of limitations period because they were sufficiently related to later, timely incidents of discrimination).  Accordingly, plaintiff's complaint adequately alleges continuing violations, and her claims under Section 504 and the ADA are timely.  *See Douglas*, 271 F.3d at 822.

For the reasons discussed above, defendant's motion to dismiss Claims II and III of plaintiff's complaint pursuant to Rule 12(b)(6) is hereby DENIED.

## II.    Claim IV

Defendant argues that plaintiff's Unruh Act claim failed to comply with the California Tort Claims Act.  Cal. Gov. Code § 810 *et. seq.*  Cal. Gov. Code § 945.4 provides that "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with . . .  this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board."  Unruh Act causes of action are subject to the Tort Claims Act presentment requirements.  *See Gates v. Superior Court*, 32 Cal. App. 4th 481, 513 (Cal. Ct. App. 1995).

Plaintiff solely seeks damages pursuant to her Unruh Act claim and makes no allegation that she complied with the requirements of the Tort Claims Act.  *See* Compl. at 15.  Although plaintiff argues she seeks only compensatory damages, compensatory damages are not excepted from the Tort Claims Act's presentment requirements.  *See* Cal. Gov. Code § 945.4 ("no suit for money or damages" may be brought without satisfying the presentment requirements).  Therefore, the Court GRANTS defendant's

///

United States District Court
For the Northern District of California

6

1    motion to dismiss Claim IV of plaintiff's complaint.[2]

2

3                                    **CONCLUSION**

4          For the reasons discussed above, the Court hereby DENIES defendant's motion to dismiss

5    Claims II, III of plaintiff's complaint, and GRANTS defendant's motion to dismiss Claim IV of

6    plaintiff's complaint.  (Docket No. 4)

7

8          **IT IS SO ORDERED.**

9

10   Dated: March 23, 2007

11                                                    SUSAN ILLSTON
                                                      United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   _____

28        [2]If and when plaintiff presents a written claim and has been rejected, she may seek to amend the
     complaint.

United States District Court
For the Northern District of California

7