IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

K.S.,

        Plaintiff,

  v.

FREMONT UNIFIED SCHOOL DISTRICT,

        Defendant.
                                      /

No. C 06-07218 SI

**ORDER RE: DISCOVERY**

      Via letter brief, defendant Fremont Unified School District has filed a motion to compel or, in the alternative, to supplement the administrative record. For the following reasons, the Court GRANTS IN PART defendant's motion.

      In this case, plaintiff seeks to reverse the decision of an Administrative Law Judge ("ALJ") regarding a special education matter. Apparently, portions of the administrative record from the hearing before the ALJ are missing. In particular, the testimony of Judith Paton (plaintiff's expert), and Linda Martinez (defendant's expert), are missing from the record. Fortunately, plaintiff independently recorded much of the hearing, including portions of the Paton and Martinez testimony. After learning of this, defendant informally and formally requested production of the recordings, and/or transcripts thereof. Plaintiff objected to defendant's requests, but ultimately produced a transcript of its recording of Paton's testimony. Defendant now moves to compel production of the Martinez recording, or a transcript thereof.[1]

      This dispute is largely one of logistics and cost. Plaintiff argues that it cannot simply provide

---

[1] It is unclear whether defendant seeks both the Martinez recording and the transcript, or whether either one would suffice.

defendant with the audio recording because:  (1) the audio recording will be difficult to extract from its location on plaintiff's small server; and (2) the recording captured privileged communications among those sitting at plaintiff's table during the hearing.  The Court shares plaintiff's concern with turning over recordings of privileged communications, and therefore ORDERS plaintiff to provide defendant with a transcript of the Martinez testimony, as captured on the recording, without transcription of any communication between those seated at plaintiff's table.  Defendant shall bear the cost of transcribing the Martinez testimony.[2]  The Court DENIES the parties' motions for sanctions, and DENIES AS MOOT defendant's motion to supplement the administrative record.  The Court also DENIES defendant's request for a copy of the recordings with which to verify the accuracy of the transcripts. The Court assumes that the transcriber will provide the parties with verification of the accuracy of the transcripts.

**IT IS SO ORDERED.**

Dated: July 31 , 2007

SUSAN ILLSTON
United States District Judge

---

[2] Defendant already offered to bear the cost of transcribing the Martinez testimony.  Plaintiff insisted that defendant also pay for transcription of the Paton testimony.  Considering that plaintiff has already voluntarily transcribed the recording of Paton's testimony (presumably because, as their expert, Paton gave valuable testimony that plaintiff wishes to be part of the record in this Court), the Court will not require defendant to pay for transcription of the Paton testimony.  The gaps in the administrative record would disadvantage both parties, and the relevant statute does not specify whose burden it is to supply and pay for the administrative record.  As such, it is just that the parties share the cost of filling in gaps in the record.