IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.S., a minor, by and through her parents, P.S. and M.S.,<br><br>        Plaintiff,<br><br>  v.<br><br>FREMONT UNIFIED SCHOOL DISTRICT, et al.,<br><br>        Defendants.<br>_____/ | No. C 06-07218 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** |

Plaintiff's motion for leave to amend is scheduled for hearing on December 18, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby GRANTS IN PART and DENIES IN PART plaintiff's motion to for leave to amend.

**BACKGROUND**

Plaintiff K.S., a minor, by and through her parents, P.S. and M.S., filed this complaint against defendant Fremont Unified School District ("FUSD") on November 21, 2006. Plaintiff is a child diagnosed with autism spectrum disorder who alleges that defendant refused to provide her with a free and appropriate public education ("FAPE") designed to meet her unique needs. Second Amended Complaint ("SAC") at 3-4. Plaintiff alleges that defendant denied her a FAPE for the 2002-03, 2003-04, 2004-05 and 2005-06 school years. *Id.* Specifically, plaintiff alleges that the individualized education program ("IEP") designed for plaintiff failed to include appropriate speech therapy, one-to-one support,

and behavioral, academic, self-help, auditory processing and motor control services. *Id.*

Plaintiff alleged four claims in her original complaint: (I) appeal from a decision in favor of defendant by an administrative law judge at the Office of Administrative Hearings, issued August 24, 2006, (II) violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"), (III) violation of Title II of the Americans with Disabilities Act, 42 U.S.C. §12132 ("ADA"), and (IV) violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51 ("Unruh Act").

On March 23, 2007, the Court issued an order denying defendant's motion to dismiss Claims II and III of the complaint, and granting defendant's motion to dismiss Claim IV (Unruh Act) . The Court dismissed Claim IV on the grounds that plaintiff failed to comply with the California Tort Claims Act. The Court indicated that if and when plaintiff successfully complied with the Tort Claims Act, she could seek leave to amend her complaint. On September 4, 2007, the Court granted that leave to amend, permitting plaintiff to re-assert Claim IV and also to assert, for the first time, a claim for injunctive relief under Claim IV. Plaintiff has now filed a motion for leave to file an amended complaint to assert new grounds for three of plaintiff's claims and to add additional individual defendants to the Unruh Act claim.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15 governs amendment of the pleadings. It states that if a responsive pleading has already been filed, the party seeking amendment "may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This rule reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules. *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962). Accordingly, the Court must be very generous in granting leave to amend. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend granted with "extreme liberality"); *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

However, there are several accepted reasons to deny leave to amend, including the presence of bad faith on the part of the plaintiff, undue delay, prejudice to the defendant, futility of amendment, and

that the plaintiff has previously amended the complaint. *See Ascon Props.*, 866 F.2d at 1160; *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988). Courts do not ordinarily consider the validity of a proposed amended pleading in deciding whether to grant leave to amend, but leave may be denied if the proposed amendment is futile or would be subject to dismissal. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

## DISCUSSION

Plaintiff asks the Court for leave to file a SAC. Defendants object to all of plaintiff's proposed amendments, and the Court will address each amendment in turn.

**1.      Defendants' policy with regard to non-public agencies**

First, and most significantly, plaintiff seeks leave to add to Claims II, III, and IV a new set of facts regarding defendants' policy of providing services through outside contractors, or non-public agencies. *See* SAC ¶¶ 78, 90, 102. This new ground for asserting violations of Section 504, the ADA, and the Unruh Act is based on newly-discovered evidence that defendants have "a policy, pattern and practice of discriminating against students with autism" by having "a policy of failing to consider, hire, contract with or provide services through nonpublic agencies to students with autism despite its legal obligation to consider a full continuum of program options." *Id.* at ¶ 78 (citing 34 C.F.R. § 300.115). As a result of this policy, plaintiff alleges that defendants "purposely mislead[] parents during IEP meetings to believe that FUSD is considering requests (or the provision of appropriate) [sic] for services while remaining deliberately indifferent to these requests and the unique needs of the students because of its undisclosed policy, pattern and practice of failing to consider, hire, contract with or provide services through nonpublic agencies to its students with autism." *Id.* Plaintiff alleges this policy constitutes "discriminatory conduct against Plaintiff, and other similarly situated autistic students enrolled at FUSD." *Id.*

Defendants argue that this amendment should be denied as futile because, among other reasons, plaintiff lacks standing to assert a claim regarding defendants' policy against providing services through non-public agencies. The Court agrees. The question whether a party has standing to bring a claim is

3

a threshold determination, *Ar v. Haw*, 314 F.3d 1091, 1097 (9th Cir. 2002), requiring plaintiff to establish that she satisfies all three elements for Article III's "case or controversy" requirement. *Table Bluff Reservations (Wiyot Tribe) v. Philip Morris, Inc.*, 256 F.3d 879, 882 (9th Cir. 2001). A plaintiff must demonstrate three elements to establish standing: (1) injury in fact; (2) causation; and (3) redressability. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Schmier v. U.S. Ct. of App. for the Ninth Cir.*, 279 F.3d 817, 821 (9th Cir. 2002). The first requirement of an injury in fact involves a two-part test. The plaintiff must establish that the injury in fact that she suffered "is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." *Border Power Plant Working Group v. DOE*, 260 F. Supp. 2d 997, 1009 (S.D. Cal. 2003) (citations omitted). This requirement ensures that a court is adjudicating claims arising from actual injuries since "[t]he federal courts do not have the constitutional authority to adjudicate . . . metaphysical injuries." *Schmier*, 279 F.3d at 822. In addition, a plaintiff lacks standing to bring a claim on behalf of a third party unless the plaintiff can demonstrate certain particular circumstances, not present here. *See Eisenstadt v. Baird*, 405 U.S. 438, 444-46 (1972).

Although leave to amend should be granted with extreme liberality, *Morongo Band of Mission Indians*, 893 F.2d at 1079, the Court may deny leave to amend where the amendment would be futile, *Saul*, 928 F.2d at 843, and plaintiff can prove no set of facts that would constitute a valid claim, *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Here, amendment is futile because plaintiff's complaint and briefing evinces not even the slightest indication that plaintiff suffered a concrete injury as a result of defendants' decision to stop using non-public agencies as service providers. Plaintiff does not suggest that her parents ever contemplated receiving services from non-public agencies or that they ever requested or discussed such services with defendants. Instead, plaintiff asserts what amounts to only a metaphysical or stigmatic injury, i.e. that she, as a student with autism, is harmed by defendants' discriminatory conduct or misleading statements with regard to other autistic students even though neither she nor her parents have ever personally been misled or discriminated against with respect to

services provided by non-public agencies.[1] Indeed, plaintiff's motion explains that this amendment is necessary to clarify that her complaint "is broad enough to encompass *discriminatory actions against other students with autism.*" Motion for Leave to Amend Complaint at 6 (emphasis added). Metaphysical injuries such as these are insufficient for standing purposes. *Schmier*, 279 F.3d at 822. Moreover, while other students who sought out or inquired about the services of non-public agencies may have suffered concrete injuries as a result of defendants' policy, these students are not before the Court and this is not a class action. Accordingly, the Court DENIES plaintiff's motion for leave to amend with respect to paragraphs 78, 90, and 102 of the SAC.

## 2. Various incidents as evidence of discrimination

Plaintiff seeks leave to amend her complaint to include new facts about specific incidents that plaintiff alleges constitute additional grounds for Claim IV, plaintiff's Unruh Act discrimination claim. Plaintiff alleges that (1) she was left unsupervised during recess and permitted to ingest bird seed; (2) she was molested by another student while riding the bus to school and was later seated near that student on the bus the following school year; (3) she returned from school one day with unexplained bruises. SAC ¶¶ 17-18, 20-21, 26. Based on these incidents, plaintiff alleges defendants have failed to ensure adequate supervision of plaintiff, failed to appropriately address plaintiff's needs, such that she has been left vulnerable to these incidents, and failed to establish a functional communication system, such that plaintiff was unable to convey information related to these incidents. *Id.* at ¶¶ 103-105. Defendants argue that plaintiff's allegations are futile because they actually sound in negligence, whereas intentional discrimination is required for claims brought under the Unruh Act. *Harris v. Capital Growth Investors XIV*, 52 Cal. 3d 1142, 1175 (1991) ("a plaintiff seeking to establish a case under the Unruh Act must plead and prove intentional discrimination in public accommodations "); *but see Lentini v. Cal. Center*

---

[1] Although there is a remote possibility that plaintiff could assert additional facts demonstrating that she personally sought out the services of non-public agencies or was personally misled by defendants' representations, *Miller*, 845 F.2d at 214, plaintiff has made no effort in either her SAC or reply brief to suggest that she is able to assert such facts. For this reason, and because the Court is not inclined to permit plaintiff to significantly enlarge the scope of the proceedings after discovery has more or less closed, the Court will deny plaintiff's motion for leave to expand the complaint with regard to defendants' contracts with non-public agencies.

*for the Arts*, 370 F.3d 837, 846-47 (9th Cir. 2004) (calling *Harris* into question and holding that "no showing of intentional discrimination is required where the Unruh Act violation is premised on an ADA violation"). Defendants also argue futility because plaintiff's allegations may sound in educational malpractice, and California law does not recognize liability for educational malpractice. *See Peter W. v. S.F. Unified Sch. Dist.*, 60 Cal. App. 3d 814, 825 (Cal. Ct. App. 1976). The Court disagrees. Plaintiff's addition of these factual allegations to her Unruh Act claim is not futile because her complaint, liberally construed, sounds in discrimination. That is, although plaintiff's allegations might also state claims for negligence and educational malpractice, they are presented in her complaint as evidence of intentional discrimination. *See* SAC at ¶ 106 ("By the acts and omissions set forth above, [defendants'] actions have been oppressive to Plaintiff and have evidenced actual or implied malicious intent toward Plaintiff.").

Defendants also contend that plaintiff has failed to present this claim under the California Tort Claims Act. California Government Code § 945.4 provides that "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with . . . this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board." Unruh Act causes of action are subject to the Tort Claims Act presentment requirements. *See Gates v. Superior Court*, 32 Cal. App. 4th 481, 508 (Cal. Ct. App. 1995). While plaintiff has presented the facts relating to the bruising incident, she has not squarely presented the facts relating to the other incidents. Plaintiff argues this is unnecessary because she has substantially complied with the Tort Claims Act. The Court agrees. Although defendants cite *Nelson v. State of California*, 139 Cal. App. 3d 72 (Cal. Ct. App. 1982), for the proposition that "the factual circumstances set forth in the written claim must correspond with the facts alleged in the complaint," *id.* at 79, that holding does not appear to have been adopted by the California Supreme Court. Instead, the Supreme Court has explained that "a plaintiff need not allege strict compliance with the statutory claim presentation requirement. Courts have long recognized that [a] claim that fails to substantially comply with sections 910 and 910.2, may still be considered a 'claim as presented' if it puts the public entity on notice both that the claimant is attempting to file a valid claim and that litigation will result if the matter is not resolved." *State v. Superior Court (Bodde)*, 32 Cal. 4th

1234, 1245 (2004) (internal quotation marks omitted).

Plaintiff's claim for damages submitted to defendants on February 23, 2007, notified defendants that plaintiffs were bringing an Unruh Act claim against them and that defendants had "ignor[ed] parent concerns," had failed to provide adequate services related to speech, and had "evidenced actual or implied malicious intent toward" plaintiff. Levine Decl. ex. A. The claim also stated that plaintiff had suffered a broad array of harms as a result of defendants' actions. *Id.* Therefore, in accordance with recent California Supreme Court authority, the Court finds that plaintiff was in substantial compliance with the Tort Claims Act because plaintiff's prior claim put defendants on notice that plaintiff was attempting to file a valid claim and that litigation would result if the matter was not resolved. *Bodde*, 32 Cal. 4th at 1245. For this reason, plaintiff will be permitted to amend her claim to include these new factual allegations of discrimination. Although the facts related to some of these alleged incidents of discrimination may have been raised briefly during previous discovery, *see* Leigh Decl. at exs. E & F (deposition testimony in early October 2007 mentioning the bird seed and bus incidents), it may not have been evident to the parties until the filing of plaintiff's SAC and the related motions that plaintiff was alleging new grounds for discrimination based on these incidents. Therefore, to ensure defendants do not suffer prejudice as a result of this amendment, both parties will be permitted an additional 10 days of discovery; the Court does not believe this extension of the discovery cut-off will interfere with the trial. The Court GRANTS plaintiff's motion for leave to amend with respect to these three incidents.

### 3. **Individual defendants**

Plaintiff also seeks leave to amend her complaint to name Jack Bannon, the director of special services for FUSD, John Rieckwald, the superintendent of FUSD until Fall 2005, and Douglas Gephart, the current superintendent, as individual defendants in plaintiff's Unruh Act claim. Defendants argue this amendment to Claim IV is futile because individuals are not "business establishments" under the Unruh Act, *see* Cal. Civ. Code § 51, plaintiff did not name the individual defendants in her Tort Claims Act filing, and Eleventh Amendment immunity prevents suits in federal court against school district officials. The Court does not agree.

Defendants cite no case law supporting the proposition that individuals may not be held liable

7

1 under the Unruh Act, and other cases indicate that individuals may be sued under the Act. *See*, *e.g.*, *Lentini*, 370 F.3d at 849-50 (holding individual liable for violation of the Unruh Act); *Ackermann v. Carlson Indus., LLC*, 2003 WL 24272653 *3 (C.D. Cal. Nov. 13, 2003) (denying motion to dismiss Unruh Act claims against individual defendants). In addition, the Unruh Act, California Civil Code § 51, is enforceable through California Civil Code § 52(a), *Annamaria M. v. Napa Valley Unified Sch. Dist.*, 2006 WL 1525733 *12 n.2 (N.D. Cal. May 30, 2006), which provides that "*[w]hoever* denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51 . . . is liable . . . ," Cal. Civ. Code § 52(a) (emphasis added). This language indicates that liability under the Unruh Act is not premised upon a showing that the defendant is a "business establishment."

As for defendants' second argument, California law makes clear that plaintiff had no obligation under the Tort Claims Act to present her claims against these individual defendants, as long as she presented her claims against defendant FUSD. Cal. Civ. Code § 950; *Esteem v. City of Pasadena*, 2006 WL 4941835 *3 (C.D. Cal. Feb. 16, 2006) ("presentation of a claim to a public *employee* for injury resulting from an act or omission in the scope of his public employment is not a prerequisite to a suit against the employee," but "presentation of a claim to the public *entity* employing the individual is a prerequisite to bringing an action against the entity and/or the employee").

Finally, defendants argue the Eleventh Amendment renders plaintiff's addition of the individual defendants futile. Before reaching defendants' argument, it is necessary to clarify some often confusing precepts of state sovereign immunity. Pursuant to the Eleventh Amendment, states and state agencies are immune from suits for money damages in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-02 (1984). But the Eleventh Amendment "does not bar a suit seeking damages against a state official in his individual capacity." *Han v. U.S. Dep't of Justice*, 45 F.3d 333, 338 (9th Cir. 1995). Nor does it bar a suit seeking prospective, injunctive relief against a state official sued in his or her official capacity. *Id.* Where state law claims are asserted in federal court against a state official, however, state officials are immune from suits brought against them in their official capacities: the Eleventh Amendment "bars suits in federal court, for both retrospective and prospective relief, brought against state officials acting in their *official* capacities alleging a violation of state law." *Pena v. Gardner*, 976 F.2d 469, 473 (9th Cir. 1992).

8

Applying these rules to the present case, the Court notes that "California school districts are state agencies" and thus enjoy sovereign immunity. *Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1100 n.4 (9th Cir. 2000). This also means that a suit against a school district official in his or her official capacity is deemed to be a suit against the state. *Id.* Plaintiff's SAC makes clear that defendants are named in their official and personal capacities for violating state law (the Unruh Act). Under *Pennhurst*, plaintiff may not assert a state law claim against these school district officials in their official capacities in federal court. *Pennhurst*, 465 U.S. at 106; *Pena*, 976 F.2d at 473. Therefore, it would be futile for plaintiff to amend her complaint to bring Unruh Act claims against these defendants in their official capacities.

As for suit against these defendants in their personal capacities, the Ninth Circuit has interpreted *Pennhurst* as meaning that "the eleventh amendment does not bar a suit seeking damages against a state official personally." *Pena*, 976 F.2d at 473. Thus, state officials sued in their personal capacities for violations of state law stand on equal footing in federal court as those sued in their personal capacities for violations of federal law, and suits for damages may be brought against them. *Han*, 45 F.3d at 338. That said, the Court has some concern about plaintiff's claims against Rieckwald and Gephart, superintendents who appear to have been named not for their personal discrimination against plaintiff but rather for their supervisorial authority under a theory of respondeat superior. If this is true, these defendants would be named only as a result of their official positions and not for any personal unlawful or unconstitutional activity they undertook, and the law is less than clear whether plaintiff may assert a claim against them in their personal capacities.[2] The Supreme Court has indicated, however, that a suit against an official in his official or personal capacity does not reflect the nature of the official's actionable behavior, but rather the nature of the lawsuit itself. In *Hafer v. Melo*, 502 U.S. 21 (1991), the Supreme Court noted that "the phrase 'acting in their official capacities' is best understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury," *id.* at 26. The Court also rejected the argument that "state officials may not be held liable in their personal capacity for actions they take in their official capacity." *Id.* at 27. This language

---

[2] It appears that, as a matter of state law, the doctrine of respondeat superior applies to the Unruh Act. *See Chew v. Hybl*, 1997 WL 33644581 *14 (N.D. Cal. Dec. 9, 1997).

9

suggests that the phrase "personal capacity" is unrelated to the nature of the actionable behavior, and that an official may therefore be sued under state law in his or her personal capacity even for violations that are strictly the result of the official's office, i.e. vicarious liability under the doctrine of respondeat superior.       For this reason, it does not appear that the Eleventh Amendment would pose any bar to plaintiff bringing damages claims against these individual defendants in their personal capacities. The Court GRANTS plaintiff's motion for leave to amend to add the individual defendants to the Unruh Act claim. No additional discovery as to these defendants is necessary because the claims of discrimination against them are the same claims that were asserted against the FUSD; the only new claims of discrimination are related to the three incidents discussed above, and discovery will be permitted as to those incidents.

### 4.    Scheduling order

The parties both filed proposed scheduling orders on September 14, 2007, but could not agree on many of the dates. The Court orders that the following schedule shall apply:

| | |
|---|---|
| Non-expert discovery cutoff: | Non-expert discovery has now closed. Pursuant to this Order, however, both parties will be permitted an additional 10 days (from the date of this order) of discovery related to the new incidents alleged in plaintiff's SAC. |
| Dispositive motions on Count I: | January 11, 2008 |
| Opposition: | January 25, 2008 |
| Reply: | February 1, 2008 |
| Hearing on Count I dispositive motions: | February 15, 2008, 9:00 a.m. |
| Disclosure of experts: | March 3, 2008 |
| Disclosure of rebuttal experts: | March 17, 2008 |
| Expert discovery cutoff: | April 4, 2008 |
| Dispositive motions on Counts II-IV | April 25, 2008 |
| Opposition | May 9, 2008 |
| Reply | May 16, 2008 |

| | | |
|---|---|---|
| 1 | Hearing on dispositive motions | May 30, 2008 |
| 2 | Pretrial conference | June 24, 2008, 3:30 p.m. |
| 3 | Trial | June 30, 2008, 8:30 a.m. (2 days) |

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART and DENIES IN PART plaintiff's motion for leave to amend her complaint [Docket No. 91].

**IT IS SO ORDERED.**

Dated: December 6 , 2007

SUSAN ILLSTON
United States District Judge