IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.S., a minor, by and through her parents, P.S. and M.S., | No. C 06-07218 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** |
| v. | |
| FREMONT UNIFIED SCHOOL DISTRICT, | |
| Defendant.                              / | |

Before the Court is a motion for attorney's fees filed by plaintiff K.S., a minor by and through her parents P.S. and M.S. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby DENIES plaintiff's Motion.

**BACKGROUND**

Plaintiff is an eight-year-old girl diagnosed with autism. She brought suit against defendant pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*. Plaintiff sought judicial review of an administrative law judge's ("ALJ") decision that defendant properly provided plaintiff with a free and appropriate public education ("FAPE").

Resolving cross-motions for summary judgment, this Court granted each motion in part and denied each motion in part. *See* Feb. 22, 2008 Order (Docket No. 149). Agreeing with plaintiff, the Court found that the ALJ had incorrectly determined the credibility of the witnesses. *Id.* at 15. The Court therefore remanded so that the ALJ could appropriately weigh the witness testimony and reassess

1 the ultimate decision of whether defendant provided plaintiff a FAPE. *Id.* at 15–16. This Court resolved 2 two other issues on summary judgement in defendant's favor. The Court found that: (1) defendant 3 appropriately included plaintiff's parents while designing plaintiff's individualized education program 4 ("IEP"); and (2) the ALJ properly awarded sanctions against plaintiff's counsel. *Id.* at 19, 22–23.

5 Plaintiffs now request fees under the IDEA, based on the Court's remand to the ALJ.

## LEGAL STANDARD

8 The IDEA allows the Court to award attorney fees to a prevailing party, when the prevailing 9 party is the parent of a child with disabilities and brought suit pursuant to the IDEA. 20 U.S.C. § 10 1415(i)(3)(B)(I). In the Ninth Circuit, "prevailing party" status for IDEA cases is determined according 11 to the standard articulated in *Buckhannon Board & Care Home, Inc. v. West Virginia Department Of* 12 *Health & Human Resources*, 532 U.S. 598 (2001). *See Shapiro ex rel. Shapiro v. Paradise Valley* 13 *Unified Sch. Dist. No. 69*, 374 F. 3d 857, 865 (9th Cir. 2004) (holding that *Buckhannon* governs IDEA 14 fees in the Ninth Circuit). *Buckhannon* requires a party to prevail "on the merits" such that there is a 15 "'material alteration of the legal relationship of the parties.'" *Buckhannon*, 532 U.S. at 603–04 (quoting 16 *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989) (finding the 17 change in legal relationship to be the "touchstone" aspect of the prevailing party inquiry)); *see also* 18 *Park, ex rel. Park v. Anaheim Union High Sch. Dist.*, 464 F. 3d 1025, 1035 (9th Cir. 2006) (focusing 19 on the change in legal relationship while deciding IDEA fees litigation).

20 A change in the parties' legal relationship occurs when the court orders relief on the merits. 21 *Buckhannon*, 532 U.S. at 603–04 ("[A] 'prevailing party' is one who has been awarded some relief . . . 22 . [E]nforceable judgments on the merits . . . [are] necessary to permit an award of attorney's fees."); 23 *Hewitt v. Helms*, 482 U.S. 755, 760 (1987) ("Respect for ordinary language requires that a plaintiff 24 receive at least some relief on the merits of his claim before he can be said to prevail."); *see, e.g.*, *Park*, 25 464 F.3d at 1035 (finding the legal relationship changed where defendant school district was ordered 26 to provide plaintiff with compensatory education). Where the court does not grant at least some relief 27 on the merits, there is not an adequate change in the legal relationship in order for the court to grant fees. 28 *See Hewitt*, 482 U.S. at 760 (awarding no fees under 42 U.S.C. § 1988 because although plaintiff's

**United States District Court**
For the Northern District of California

constitutional rights had been violated, no specific relief was awarded); *and Hanrahan v. Hampton*, 446 U.S. 754, 757 (1980) (awarding no fees under 42 U.S.C. § 1988 although plaintiff's appeal successfully reversed a directed verdict).

## DISCUSSION

Plaintiff seeks attorney's fees subsequent to the Court's remand to the ALJ. Defendant asserts that a fee award is inappropriate because the remand does not alter the legal relationship of the parties.[1] The Court agrees with defendant that attorney's fees are not warranted because the Court's remand has not affected a change in the legal relationship between the parties. Plaintiff is therefore not a prevailing party at this stage of the litigation.

As articulated in *Buckhannon*, a change in the legal relationship requires court-ordered relief on the merits. *Buckhannon*, 532 U.S. at 604. *Buckhannon* declined to award fees in a case where litigation against a state spurred the state's legislature to change the law. *Id.* at 600. The legislative change was essentially the result sought by plaintiff, but since it did not result from judicially-ordered relief, the Court did not find the legal relationship to be changed. *Id.* at 600, 605–06 ("[E]nforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." (quoting *Texas State Teachers*, 489 U.S. at 792–93)).

*Buckhannon*'s language pertaining to the change in legal relationship was drawn from *Texas State Teachers*, which emphasized the importance of court-ordered relief and its role in changing the legal relationship:

> "[R]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." Thus, at a minimum, to be considered a prevailing party . . . the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant. . . . The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute.

---

[1] Defendants also assert a number of other grounds for denying or reducing the fee award. Because the "prevailing party" analysis is dispositive of fees, the Court does not reach those questions.

3

*Texas State Teachers*, 489 U.S. at 792–93 (quoting *Hewitt*, 482 U.S. at 760) (internal citations omitted). The Court ultimately awarded fees in that case because plaintiffs obtained a judgment vindicating their First Amendment rights. *Id.* at 793. The parties' legal relationship changed because the defendant school district was required to allow certain speech on behalf of the plaintiff teacher's union. *Id.*

*Buckhannon* and *Texas State Teachers* followed the logic of two prior Supreme Court cases, *Hewitt,* 482 U.S. 755, and *Hanrahan*, 446 U.S. 754. *See Buckhannon*, 532 U.S. at 604–05; *Texas State Teachers*, 489 U.S. at 790, 792. Both *Hewitt* and *Hanrahan* declined to award fees in civil rights cases where the plaintiff was fundamentally successful although no court-ordered relief was granted. *Hewitt* concerned a civil rights action brought by an inmate. *Hewitt*, 482 U.S. at 758. Although the court of appeals found that the prison violated the prisoner's constitutional rights, no monetary relief could be granted due to qualified immunity, and no injunctive relief was appropriate because the prisoner had been released by the time of the decision. *Id.* at 758–59, 761–62. Even though judgment in the plaintiff's favor was entered and the appellate court issued a statement in the plaintiff's favor, he was not a "prevailing party" in the sense required by the fee-shifting statute because he had not obtained any judicially-ordered relief. *Id.* at 763.

Likewise, in *Hanrahan*, the court of appeals reversed the district court's directed verdict against plaintiff and, moreover, issued rulings altering discovery in the plaintiff's favor. *Hanrahan*, 446 U.S. at 756, 759. Nonetheless, plaintiff was not "prevailing" because he had not actually secured success on the merits. *Id.* at 757–58. "[I]t seems clearly to have been the intent of Congress to permit [fees] only to a party who has established his entitlement of some relief on the merits of his claims . . . ." *Id.* at 757. Particularly relevant to the case presently before this Court, the Supreme Court held that an appeal resulting in a retrial at the lower court does not constitute the success required of a prevailing party. *Id.* at 758.

The Ninth Circuit explicitly adopted *Buckhannon's* "change in legal relationship" standard for IDEA cases, and courts have used the standard consistently. *Shapiro*, 374 F. 3d at 864–65 (adopting *Buckhannon* for Ninth Circuit IDEA cases); *see, e.g.*, *Park*, 464 F. 3d at 1035 (finding a change in the legal relationship and awarding fees because the school district was required to provide certain educational services); *M.L. v. Federal Way Sch. Dist.*, 401 F. Supp. 2d 1158, 1163 (W.D. Wash. 2005)

4

(applying the legal relationship test on remand, and awarding fees where the appellate court reached plaintiff's claims on the merits); *Parents of Student W v. Puyallup Sch. Dist., No. 3*, 31 F. 3d 1489, 1498 (9th Cir. 1994) (applying the legal relationship test). Based on this precedent, the Court is limited to awarding attorney's fees only where some relief on the merits has been ordered, such that the parties' relationship to one another has been altered.

Here, plaintiff is not entitled to fees because plaintiff has not affected a change in the legal relationship between the parties. Although the Court's remand to the ALJ placed plaintiff in a better litigating position than she was in prior to this Court's ruling, that ruling did not reach the merits of plaintiff's IDEA claims (whether defendant provided plaintiff with a FAPE), and awarded no relief as required by *Buckhannon*, *Texas State Teachers*, and *Hewitt*. In this case, the Court serves in an appellate function, analogous to the situation in *Hanrahan*, and although this Court's decision may affect the ultimate disposition of the lawsuit, plaintiff cannot be considered a prevailing party at this time. *See Hanrahan*, 446 U.S. at 759; *see also Sammons v. Polk County Sch. Bd.*, 2007 WL 430663,*2–3 (M.D. Fla. Feb. 5, 2007) ("[T]he granting of a remand . . . does not confer prevailing party status on Plaintiffs because the judgment remanding the claims to the ALJ for consideration of the merits of Plaintiffs' FAPE . . . claims does not materially alter the legal relationship between the parties.").

Plaintiff's arguments to the contrary are unconvincing. Plaintiff suggests that this Court's remand changed the legal relationship of the parties, because defendant is now required to re-litigate her case before the ALJ. However, requiring more litigation is certainly not relief on the merits, and does not change the parties' current relationship, but merely prolongs it. Plaintiff's contention—that requiring a response from the opposing party constitutes a change in relationship tantamount to "prevailing"—is not realistic. A party can require a similar response merely by filing a complaint in district court, but that clearly would not constitute a change in the legal relationship such that the filing party is "prevailing." Further, awarding fees now could lead to an absurd result if the ALJ were to determine that defendant did not deny plaintiff a FAPE and that plaintiff is not entitled to any tangible relief regarding her education. Were that to occur, plaintiff clearly would not be a prevailing party. "In the course of a proceeding that may result in the utter defeat of the plaintiff, he may nevertheless obtain

5

1 some favorable rulings—such as a remand, a discovery order, an order *in limine* excluding certain
2 evidence, or an order disqualifying the defendant's lawyer—that confer a benefit upon him until the
3 rulings are ultimately vacated: tactical victories in what turns out to be a losing war. Such rulings do
4 not create a right to attorney's fees." *Hunger v. Leininger*, 15 F. 3d 664, 670 (7th Cir. 1994).

Plaintiff also contends that *M.L.*, 401 F. Supp. 2d at 1162, authorizes fees when a court orders re-assessment. However, the situation in *M.L.* is distinct from the present case and illustrates why fees are inappropriate here. There, fees were awarded because the Ninth Circuit found for the plaintiff on the merits. The appellate court found that a regular education teacher had to be included in developing an IEP, and ordered the school district to do so. *Id.* at 1161–62. The parties ultimately settled for equitable reimbursement of $2,478. *Id.* at 1162. The legal relationship between the parties was altered because one party, the school, was legally bound to do something for the other party, the plaintiff. *Id.* at 1163. This is unlike the present case where (1) the Court did not decide on the merits, and where (2) the ALJ (i.e., not a party) has been required to reassess an aspect of the case. Plaintiff asserts that reassessment of an IEP is no different than a reassessment by the ALJ; that argument is incorrect. An IEP reassessment is done by the school district, which is a party to the litigation, and thus constitutes a court-ordered change in the parties' relationship. *See id.* A remand to the ALJ does not similarly alter the relationship between the parties.[2]

Plaintiff's citation to *Shalala v. Schaefer*, 509 U.S. 292 (1993), is similarly unconvincing. In the specific context of the timing of a judgment under the Equal Access to Justice Act (EAJA), *Shalala* explained that a district court's remand to an agency did indeed grant prevailing party status, and fees were awarded. *Id.* at 303. However, that decision was specific to the EAJA, 28 U.S.C. § 2412, and occurred after the ALJ had, on remand, already awarded social security benefits to the plaintiff, *Shalala*, 509 U.S. at 302. The *Shalala* decision turned on a technical consideration of various ways to remand under 42 U.S.C. § 405(g), with the Court concluding that a remand pursuant to the statute's fourth line

---

[2] Plaintiff cites to *R.B., ex rel. F.B. v. Napa Valley Unified School District*, 496 F. 3d 932, 941-42 (9th Cir. 2007), to assert that there is no difference between an IEP and an administrative hearing. That case found that the school's procedural defect in creating the IEP was cured by the due process provided by an administrative hearing. *Id.* The case does not suggest that an IEP and an administrative hearing are otherwise comparable.

6

does lend prevailing party status, but remand pursuant to the statute's sixth line would not. *Id.* In light of the Ninth Circuit's explicit acceptance of *Buckhannon*'s standard for IEDA fee shifting, *Shalala* does not persuade the Court to award fees.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court DENIES without prejudice plaintiff's motion for fees [Docket No. 149]. The parties' objections to the declarations supporting the Motion and Opposition are DISMISSED as moot [Docket Nos. 159, 168–70].

**IT IS SO ORDERED.**

Dated: April 16, 2008

SUSAN ILLSTON
United States District Judge